UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FANNIE MAE, | § | |
| Plaintiff | § § § | |
| v. | § § | CIVIL ACTION NO. 4:21-cv-02819 |
| HUNTINGTON CREEK CAPITAL IV, LLC, | § § § | |
| Defendant. | § § | |

**PLAINTIFF FANNIE MAE'S EMERGENCY, AGREED
MOTION FOR APPOINTMENT OF RECEIVER**

Plaintiff Fannie Mae files this Emergency, Agreed Motion for Appointment of Receiver ("***Motion***") for the appointment of a receiver under Federal Rule of Civil Procedure 66 against HUNTINGTON CREEK CAPITAL IV, LLC ("***Defendant***").

## I.    Introduction

1.     Fannie Mae is a government-sponsored private corporation which was established by Congress to carry out vital public policies enumerated by statute: to create a secondary market for residential mortgage loans, to stimulate the flow of private capital into housing, and to improve the affordability of home ownership, thereby bringing stability to the U.S. housing market. *See* 12 U.S.C. § 1716. Fannie Mae fulfills its statutory mission, in part, by purchasing mortgage loans from a network of lenders that make loans directly to consumers in what is known as the primary market. Fannie Mae's purchase of mortgage loans from lenders such as mortgage lenders, banks, thrifts, housing finance agencies, and credit unions allows those primary market lenders to replenish the funds available for mortgage lending.

2.     Defendant owns a senior housing community that serves as collateral for indebtedness owed by Defendant to Fannie Mae. With some exceptions, the loan to Defendant is "non-recourse", meaning that if indebtedness remains even after Fannie Mae has sold its collateral,

Fannie Mae generally cannot seek recovery from other assets of its borrower. For this reason, it is critical for Fannie Mae to preserve the value of its collateral.

3. As it did with many of its borrowers at the beginning of the COVID-19 pandemic, Fannie Mae (through its servicer) entered into a forbearance agreement with the Defendant. Defendant is insolvent and incapable of paying all of its obligations to Fannie Mae. Following expiration of the forbearance, Defendant failed to repay its indebtedness, which Fannie Mae has accelerated.

4. Defendant has admitted it is in default, and Defendant has consented to the appointment of a receiver. Specifically, Section 3(e) of the deed of trust described herein provides that upon the occurrence of, and during the continuance of any Event of Default, should Fannie Mae apply for the appointment of a receiver, Defendant expressly consents to the appointment of a receiver, including an appointment *ex parte*.

5. Due to the nature of the property (a memory-care facility), and a need to provide a smooth change of control for its residents/patients, it will take time to effectuate a foreclosure of the property. A receiver is therefore needed to (i) take control of and preserve the Defendant's property (Fannie Mae's collateral) and (ii) provide for continuity of care and a smooth change of control for the property's residents/patients pending foreclosure or, potentially, a Court-approved receivership sale. Additionally, Defendant has agreed to the appointment of a receiver for this purpose.

6. Fannie Mae therefore seeks the appointment of a receiver to oversee the following property (as fully defined in the deed of trust described herein, the "***Property***") with full power and authority to oversee the management of and conserve the Property, including certain licenses

used or held by Defendant or Existing Manager and certain provider agreements relating to the Property, all as more fully provided for in the accompanying Agreed Order:

| Property Name (Existing Manager[1]) | Property Address |
|---|---|
| Sundance at Woodcreek Reserve (Twin Village Management LLC) | 1820 Woodcreek Bend Lane Katy, TX 77494 |

7. The Property is Fannie Mae's collateral. Defendant, Fannie Mae's borrower, consents to the appointment of a receiver to enable the Property to be returned to Fannie Mae as soon as possible.

## II.   Factual Background

8. Fannie Mae's Motion is supported by the Declaration of Carol King, of which a true and correct copy is attached hereto as **Exhibit A** and incorporated by reference.

a.   **Loan Documents**

9. On or about January 27, 2017, Defendant executed that certain Multifamily Note (the "*Note*"), payable to the order of LANCASTER POLLARD MORTGAGE COMPANY, LLC ("*Original Lender*"), in the original stated principal amount of $5,750,000 (the "*Loan*"). The Loan is further evidenced by that certain Multifamily Loan and Security Agreement between Defendant and Original Lender dated as of January 27, 2017 (the "*Loan Agreement*").

10. The Note is secured by, among other instruments, a Multifamily Deed of Trust, Assignment of Leases and Rents, Security Agreement and Fixture Filing (the "*Deed of Trust*"), dated as of January 27, 2017, executed by Defendant for the benefit of Original Lender. True and correct copies of the Note, Loan Agreement, and Deed of Trust are attached hereto as **Exhibits A-1, A-2** and **A-3,** respectively.

---

[1] The "Existing Manager" set forth herein currently manages various aspects of the Defendant's business under the terms of a "Management Agreement" entered into between Defendant and the identified Existing Manager.

11. The Deed of Trust covers the real and personal property more particularly described therein and commonly known as Sundance at Woodcreek Reserve and located at 1820 Woodcreek Bend Lane, Katy, Texas 77494 (as fully defined in the Deed of Trust, the "***Property***"). Defendant owns a licensed senior care facility on the Property (the "***Facility***").

12. The Note and the Deed of Trust, and all other documents and instruments securing or evidencing the Loan are hereinafter collectively referred to as the "***Loan Documents***." Fannie Mae is the assignee of the Loan Documents by way of, without limitation, that certain (i) Assignment of Deed of Trust, attached at **Exhibit A-4**; and (ii) an Assignment of Collateral Agreements and Other Loan Documents, attached at **Exhibit A-5**.

**b.   The Defaults**

13. On August 28, 2020, Defendant executed a Forbearance Agreement. The original Forbearance Expiration Date was November 30, 2020. Through a separate Extension Agreement executed effective as of December 4, 2020, the "Forbearance Expiration Date" in the Forbearance Agreement was extended through February 28, 2021. Through an additional Extension Agreement executed effective as of April 12, 2021, the "Forbearance Expiration Date" in the Forbearance Agreement was extended through May 31, 2021. True and correct copies of the Forbearance Agreement and the two Extension Agreements are attached hereto as **Exhibits A-6, A-7** and **A-8,** respectively.

14. In the Forbearance Agreement and Extension Agreements, Defendant expressly acknowledged that it was in default under its Loan Documents with Fannie Mae. Without limitation, the Loan and Note are delinquent for the months of September, October, November and December, 2020, and January, February, March, April, May, June, July, and August, 2021. Borrower was required to bring its Loan current on or before the Forbearance Expiration Date, but

failed to do so. Such failure constitutes an automatic "Event of Default" under Section 14.01(a)(1) of the Loan Agreements.

15. As a result of the Event of Default, Borrower's license to collect rents from the Property has automatically terminated pursuant to Section 3(c) of the Deed of Trust.

16. Fannie Mae has accelerated the Loan, and provided notice of such acceleration to Borrower on June 29, 2021, which is attached at **Exhibit A-9**. Borrower has advised Fannie Mae that it consents to the appointment of a receiver to enable the Property to be returned to Fannie Mae as soon as possible. All amounts are now due under the Note, and it is fully due and payable.

c.  **Remedies for Default – Borrower's Consent to Appointment of Receiver**

17. Section 3 of the Deed of Trust provides that upon the occurrence of, and during the continuance of any Event of Default, (i) Fannie Mae may enter into or upon the Property or any part thereof to take possession of the Property, either personally or through its agents; (ii) the Borrower's right to collect rents shall automatically terminate and Fannie Mae shall without notice be entitled to all rents as they become due and payable, including rents then due and unpaid; and (iii) Fannie Mae may apply for the appointment of a receiver for the Property. Section 3(e) of the Deed of Trust further provides that upon the occurrence of, and during the continuance of any Event of Default, should Fannie Mae apply for the appointment of a receiver, Defendant expressly consents to the appointment of a receiver, including an appointment *ex parte*.

18. Section 5 of the Deed of Trust provides that upon the occurrence of, and during the continuance of, any Event of Default, Fannie Mae may (i) declare the unpaid debt to be immediately due and payable; and (ii) institute proceedings for the complete foreclosure of the mortgage or deed of trust.

19.     Section 5 of the Deed of Trust further provides that Defendant agrees to pay all costs and expenses incurred by Fannie Mae in pursuing remedies.

### III.    Argument and Authorities

20.     Fannie Mae incorporates by reference the allegations set forth in the proceeding paragraphs as though they were set forth herein.

**a. Proposed Receiver**

21.     Pursuant to Rule 66 of the Federal Rules of Civil Procedure, Fannie Mae requests that the Court appoint a receiver to take control of, and to manage, the Property pending Fannie Mae's foreclosure or receivership sale.  The receiver proposed by Fannie Mae is Michael F. Flanagan of Kansas City, Missouri, who is not a party, attorney, or other person interested in this action, and otherwise qualified to serve as receiver under applicable law.

22.     The Defendant is the sole owner of the Property and therefore, all parties who have an ownership interest in the Property have been named in this action.  The Existing Manager has additionally been served with this Motion.

**b. Defendants Have Consented to the Appointment of a Receiver**

23.     Article 3(e) of the Deed of Trust provides as follows:

> (e)    Notwithstanding any other right provided [Fannie Mae] under this Security Instrument or any other Loan Document, if an Event of Default has occurred, and regardless of the adequacy of [Fannie Mae]'s security or [Defendant]'s solvency, and without the necessity of giving prior notice (oral or written) to [Defendant], [Fannie Mae] may apply to any court having jurisdiction for the appointment of a receiver for the [Property] to take any or all of the actions set forth in Section 3. If [Fannie Mae] elects to seek the appointment of a receiver for the [Property] at any time after an Event of Default has occurred, [Defendant], by its execution of this Security Instrument, expressly consents to the appointment of such receiver, including the appointment of a receiver *ex parte*, if  permitted by applicable law. [Defendant] consents to shortened time consideration of a motion to appoint a receiver. . . .

Ex. A-3, at § 3(e).

24. By executing the Deed of Trust, Defendant has consented to the appointment of a receiver. *See New York Life Ins. Co. v. Watt West Inv. Corp.,* 755 F. Supp. 287, 292 (E.D. Calif. 1991) (fact that the parties agreed to the appointment of a receiver in a deed of trust is entitled to great weight when the court exercises its discretion to determine whether to appoint a receiver); *see also Riverside Properties v. Teachers Ins. & Annuity Ass'n of America,* 590 S.W.2d 736, 738 (Tex. Civ. App.—Houston [14th Dist.] 1979, no writ) (provisions in deed of trust and security agreements calling for appointment of a receiver pending foreclosure were adequate for trial court to order appointment of receiver).

c. **Considerations for Appointment of a Receiver**

25. Under Federal Rule of Civil Procedure 66, "the appointment of a receiver can be sought 'by anyone showing an interest in certain property or a relation to the party in control or ownership thereof such as to justify conservation of the property by a court officer.'" *Santibanez v. Wier McMahon & Co.,* 105 F.3d 234, 241 (5th Cir. 1997). The decision to appoint a receiver lies within the discretion of the court. *Id.* When considering the need for a receivership, courts have considered the following factors:

> [A] valid claim by the party seeking the appointment; the probability that fraudulent conduct has occurred or will occur to frustrate that claim; imminent danger that property will be concealed, lost, or diminished in value; inadequacy of legal remedies; lack of a less drastic equitable remedy; and likelihood that appointing the receiver will do more good than harm.

*Id.* at 241-42 (quoting *Aviation Supply Corp. v. R.S.B.I. Aerospace, Inc.*, 999 F.2d 314, 316-17 (8th Cir. 1993)). "Creditors with a security interest in real property have a well-established interest in the property sufficient to support the appointment of a receiver." *Brill & Harrington Invs. v. Vernon Savings & Loan Ass'n.*, 787 F. Supp. 250, 253 (D.D.C. 1992).

26. Under Federal Rule of Civil Procedure 66, "the appointment of a receiver can be sought 'by anyone showing an interest in certain property or a relation to the party in control or

ownership thereof such as to justify conservation of the property by a court officer.'" *Santibanez v. Wier McMahon & Co.*, 105 F.3d 234, 241 (5th Cir. 1997). The decision to appoint a receiver lies within the discretion of the court. *Id.* When considering the need for a receivership, courts have considered the following factors:

27. *Fannie Mae has a valid claim*: the Motion and declaration attached hereto establish that Fannie Mae is the owner and holder of the Note. Defendant has conceded it is in default and consents to the return of the Property.

28. *Probability that conduct as occurred that will frustrate Fannie Mae's claim*: there is a clear necessity to protect Fannie Mae's interest and claims. The obligations under the Note are nonrecourse. Defendant has been unable to pay debt service for the months of September, October, November and December, 2020, and January, February, March, April, May, June, July, and August, 2021. The Note is in default. Because the Defendant owns a senior housing community, an adequately capitalized operator is necessary to protect the residents of the Property from harm. The Receiver proposed by Fannie Mae is exceptionally qualified and the appointment of the Receiver is the best procedure for protection of the residents. Without the protection of this order, the Property may decline in value and/or fail to pay Fannie Mae's debt. With each passing day and month, Fannie Mae's debt increases.

29. *There is imminent danger that the Property will decline in value*: Because debt service payments are not being made, the value of the Property is declining as liabilities mount.

30. *Inadequacy of legal remedies and unavailability of less sever equitable remedies*: because the Property is Fannie Mae's sole source of recovery there is no legal remedy that would be adequate to protect its interest. As a result of the Event of Default, Defendant's license to collect rents from each Property has automatically terminated pursuant to Section 3(c) of the Deed

of Trust. Due to the nature of the Property, and the requirement to provide advance notice to State regulators of a change in control, it will take months to effectuate foreclosure of the Property. Foreclosure alone is therefore inadequate. Moreover, there are no less sever equitable remedies. Fannie Mae does not require injunctive relief, it requires control of the collateral through a receiver so that it can be sold or foreclosed, and this must be done in a manner that is least disruptive to the residents of the Property in order to maintain value and to avoid disruptions.

31. *Appointing a receiver will do much more good than harm*: the appointment of a receiver will ensure that the residents of the Property are cared for while the Property is transitioned.

32. The Loan Documents are in default, and the Property (Fannie Mae's primary collateral) will only benefit from a Receiver who can be funded appropriately by Fannie Mae. Defendant has indicated to Fannie Mae that it desires to return the Property as soon as possible. The Defendant has no incentive or desire to continue maintaining or operating the Property.

33. The immediate appointment of a receiver is therefore needed on contractual and equitable grounds to operate the Property and provide stability and continuity of operations for the residents at the Property. As set forth in the proposed order submitted herewith, the receiver will coordinate with all applicable state regulatory agencies to effectuate the smooth transfer of control of the Facility to a new operator.

34. Fannie Mae therefore requests that the Court appoint a receiver over the Property and grant the receiver the powers set forth in the proposed order submitted herewith as **Exhibit B** in order to protect Fannie Mae's interest in the Property, pending sale of the Property as may be approved by the Court or non-judicial foreclosure, and to protect the residents of the Facility.

### IV. Prayer

Wherefore, Fannie Mae prays that the Court enter an order in substantially the form attached hereto appointing a receiver without delay and authorizing the receiver as set forth therein, and awarding Fannie Mae such other and further relief, at law or in equity, to which Fannie Mae may show itself to be justly entitled.

Dated: August 30, 2021.                     Respectfully submitted,

By: */s/ Keith M. Aurzada*
    Keith M. Aurzada (Attorney-in-Charge)
    Texas Bar No. 24009880
    Southern District No. 24728
    Jay L. Krystinik
    Texas Bar No. 24041279
    Southern District No. 570694
    **REED SMITH LLP**
    2501 N. Harwood St., Ste. 1700
    Dallas, Texas 75201
    T: 469.680.4200
    F: 469.680.4299
    kaurzada@reedsmith.com
    jkrystinik@reedsmith.com

*Attorneys for Fannie Mae*

*Agreed to by:*

By: */s/ John E. Mitchell (with permission)*
John E. Mitchell (Attorney-in-Charge)
Texas Bar No. 00797095
**Katten Muchin Rosenman LLP**
2121 North Pearl Street, Suite 1100
Dallas, TX 75201-2591
direct +1.469.627.7017
john.mitchell@katten.com

*Attorney for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was delivered via email to the following on August 30, 2021:

HUNTINGTON CREEK CAPITAL IV, LLC
c/o D. Matt Stanley
mstanley@sundancememorycare.com

and

c/o John E. Mitchell
Texas Bar No. 00797095
**Katten Muchin Rosenman LLP**
2121 North Pearl Street, Suite 1100
Dallas, TX 75201-2591
direct +1.469.627.7017
john.mitchell@katten.com


TWIN VILLAGE MANAGEMENT LLC
c/o D. Matt Stanley
mstanley@sundancememorycare.com

and

c/o John E. Mitchell
Texas Bar No. 00797095
**Katten Muchin Rosenman LLP**
2121 North Pearl Street, Suite 1100
Dallas, TX 75201-2591
direct +1.469.627.7017
john.mitchell@katten.com


## CERTIFICATE OF CONFERENCE

I hereby certify that Defendant agrees to the relief requested.

By: */s/ Keith M. Aurzada*
Keith M. Aurzada